UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURA OTTO,

        Plaintiff,

v.                                                                  Case No. 8:25-cv-3064-TPB-AAS

BRIGHTVIEW LANDSCAPES, LLC,

        Defendant.
_____/

## ORDER

The defendant, BrightView Landscapes, LLC (BrightView) moves to stay discovery and all related deadlines pending a ruling on its motion to dismiss. (Doc. 23). The plaintiff, Laura Otto, does not oppose the motion. (*Id.* at 12).

A district court has broad discretion in regulating discovery. *See Moore v. Potter*, 141 Fed. App'x. 803, 808 (11th Cir. 2005) (holding the district court did not abuse its "broad discretion" when entering stay to resolve motion to dismiss). The Eleventh Circuit instructs that facial challenges to the legal sufficiency of a claim or defense should be resolved before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

The "party seeking the stay must prove good cause and reasonableness." *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32-HL, 2008 WL

1

4544470, at *1 (M.D. Ga. Oct. 10, 2008) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)) (internal quotation marks omitted). In reviewing such facial challenges, a court must take a "preliminary peek at the merits of the dispositive motion to assess the likelihood that such motion will be granted." *Id.* To determine whether a stay is appropriate, a court must "balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.*

The gravamen of BrightView's motion to dismiss is that Ms. Otto's complaint fails to state a claim for relief under Title III of the Americans with Disabilities Act (ADA). (*See* Doc. 22). Without remarking on the merits of BrightView's motion, the court finds good cause for a temporary stay of discovery. BrightView's motion to dismiss presents a nonfrivolous challenge to the plaintiff's claims. Although such a stay will delay discovery, the resulting harm is minimal when compared to the benefits of saved time, money, and resources in the event the court determines Ms. Otto's complaint is subject to dismissal.

Accordingly, BrightView's motion to stay discovery (Doc. 23) is **GRANTED**. Discovery is **STAYED** pending the court's ruling on the defendants' motion to dismiss (Doc. 22).

2

**ORDERED** in Tampa, Florida, on January 26, 2026.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge